Jeff Grant (SBN 218974)
jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:  310-598-4150
Facsimile:   310-556-9828

Attorneys for Plaintiff,
BENDPAK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BENDPAK, INC., | CASE NO. _____ |
|---|---|
| Plaintiffs, | Judge _____ |
| v. | **COMPLAINT** |
| VEVOR TECHNOLOGY, LLC and VEVOR STORE, LLC | **[JURY TRIAL REQUESTED]** |
| Defendants. | |

**COMPLAINT**

1

174483999.1

BendPak, Inc. ("BendPak" or "Plaintiff"), by and through its attorneys, hereby brings the present action against VEVOR TECHNOLOGY, LLC and VEVOR STORE, LLC (collectively "VEVOR" or "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including California where Defendants operate a retail store and from which they sell goods to the public, and through at least one fully interactive, internet e-commerce stores and on Amazon.com and other similar online sites (collectively, the "Defendants' Stores"). Specifically, Defendants have targeted sales to California residents by setting up and operating a brick-and-mortar store from which it sells products, and by selling and offering shipping goods throughout the United States, including California, and, on information and belief, have sold products featuring Plaintiff's patented design to residents of California. Defendants are committing tortious acts in California, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of California.

## INTRODUCTION

3. This action has been filed by BendPak against Defendants because they trade upon BendPak's patented designs by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely portable automobile lifts ("the Infringing Products"), that infringe Plaintiff's U.S. Patent No. D759,936, U.S. Patent No. D759,935, U.S. Patent No. D716,514 and U.S. Patent No. D748,361 (collectively "BendPak's Patents"). Plaintiff has filed this action to combat Defendants' infringement of its patented designs, as well as to protect unknowing consumers from

**COMPLAINT**
2

purchasing Infringing Products over the Internet or from Defendants' retail location. Plaintiff has been, and continues to be, irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design because of Defendants' actions and seeks injunctive and monetary relief.

## PARTIES

4. Plaintiff BendPak is a California corporation. Its principal place of business is at 3044 Agoura Road, Agoura Hills, California 91301.

5. BendPak is in the business of designing, sourcing, and marketing automobile lifts, car jacks, heavy air moving equipment and related devices ("BendPak Products"). BendPak Products can be purchased from e-commerce platforms, such as Amazon.com and Walmart.com, as well as through BendPak's website https://www.BendPak.com. Since 1979 BendPak, on its own and/or via distributors, retailers, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold BendPak Products to consumers in the United States.

6. BendPak Products are considered the premier products in the industry and are highly sought out by professional mechanics, car collectors, and automobile enthusiasts. While many of the Bendpak Products are intended for commercial use, it maintains a line of products targeted at individual car owners and automobile enthusiasts. At issue here, is one of BendPak's highly desirable products it markets and sells under the "QUICKJACK" trademark. The QUICKJACK Products portable automobile lifts that are made in accordance with the claims of the BendPak Patents.

7. Defendants are California limited liability companies that maintain one retail location in Rancho Cucamonga, California, and also conduct sales of infringing products on Amazon and other ecommerce sites.

8. Upon information and belief, it appears that Defendants are the United States affiliates or subsidiaries of VEVOR brands China, which is owned by: BOZHOU ZHONGDAXIANG TECHNOLOGY CO., LTD located in Anhui China.

COMPLAINT
3

174483999.1

1  VEVOR is a business name and trademark used in the United States to sell a large
2  variety of manufactured goods online, including the Infringing Products.

### BENDPAK'S DESIGN PATENTS

4      9.   BendPak invents the leading products in its industry and spends
5  significant time and money legally protecting its innovative products with both utility
6  and design patents in many countries.  As an industry leader, BendPak is often the
7  target of unscrupulous copycats that flood the market with look-alike products.
8      10.  BendPak owns U.S. Patent No. D759,936 (the '936 Patent), entitled
9  PORTABLE AUTOMOBILE LIFT, that was duly and legally issued on June 21,
10 2016.  Attached as **Exhibit 1** is a true and accurate copy of the '936 Patent.  A
11 representative figure of one such QUICKJACK product, taken from the '936 Patent
12 is reproduced below.



**COMPLAINT**
4

174483999.1

Case 2:25-cv-06507   Document 1   Filed 07/17/25   Page 5 of 10   Page ID #:5

11.     BendPak owns U.S. Patent No. D759,935 (the '935 Patent), entitled PORTABLE AUTOMOBILE LIFT, that was duly and legally issued on June 21, 2016.  Attached as **Exhibit 2** is a true and accurate copy of the '935 Patent.  A representative figure of one such QUICKJACK product, taken from the '935 Patent is reproduced below.



12.     BendPak owns U.S. Patent No. D716,514 (the '514 Patent), entitled PORTABLE AUTOMOBILE LIFT, that was duly and legally issued on October 28, 2014.  Attached as **Exhibit 3** is a true and accurate copy of the '514 Patent.  A representative figure of one such QUICKJACK product, taken from the '514 Patent is reproduced below.



**COMPLAINT**
5

174483999.1

13. BendPak owns U.S. Patent No. D748,361 (the '361 Patent), entitled PORTABLE AUTOMOBILE LIFT, that was duly and legally issued on January 26, 2016. Attached as **Exhibit 4** is a true and accurate copy of the '361 Patent. A representative figure of one such QUICKJACK product, taken from the '361 Patent is reproduced below:



14. At all times relevant, the owner of the BendPak Patents, and any licensee or authorized seller, has complied with the federal patent marking statute, 35 U.S.C. § 287(a).

15. BendPak has offered, marketed, and sold the QUICKJACK products for many years.

**DEFENDANTS' UNLAWFUL CONDUCT**

16. Defendants have targeted sales to California residents by setting up and operating a brick and mortar store located at 9166 Anaheim Place, Rancho Cucamonga, California, at least one e-commerce stores at https://vevorus.com and via its Amazon Storefront (the VEVOR STORE), that all target United States consumers offer shipping to the United States, including California, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of California.

**COMPLAINT**
6

174483999.1

17. Representative images of Defendants' Infringing Products are shown below:

 

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe directly and/or indirectly the BendPak Patents, and continue to do so via the Defendants' Stores all in violation of 35 U.S.C. § 271. Defendants offer shipping throughout the United States, including California, and, on information and belief, each Defendant has sold Infringing Products into the United States, including California. Defendants offer Infringing Products for sale at its California retail store for shipping or pick up by customers.

19. Defendants have further either applied the designs subject of the BendPak Patents or colorable imitations thereof to an article of manufacture for the purpose of sale, or sold an article of manufacture to which such designs or colorable imitations thereof have been applied, without license from BendPak, in violation of 35 U.S.C. § 289.

20. Defendants' infringement of the BendPak Patents in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

21. Defendants' infringement of the BendPak Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into California, is irreparably harming Plaintiff.

**COMPLAINT**
7

174483999.1

# COUNT I

### (Infringement of the BendPak Patents)

25. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

26. Defendants are knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

27. Defendants, without any authorization or license from Plaintiff, have, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the BendPak Patents. The Infringing Products are substantially identical in configuration, dimensions and appearance to the QUICKJACK Products. When compared side-by-side (see Attachment A), the Infringing Products are almost indistinguishable from the QUICKJACK Products as shown here:




QUICKJACK                    VEVOR

28. Specifically, Defendants have infringed and continue to infringe the claim of each of the BendPak Patents by making, using, importing, selling, and/or offering to sell the Infringing Products in the United States without authorization or license from Plaintiff. Defendants recently began offering and selling the Infringing Products in the United States and have made efforts to sell the Infringing Products in

**COMPLAINT**

8

174483999.1

direct competition with the QUICKJACK Products on e-commerce sites, such as Amazon.

29. Defendants have profited by their infringement of the BendPak Patents, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

30. Defendants have infringed the BendPak Patents and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

31. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is also entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, BendPak requests judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, though, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B. Entry of an Order that, upon BendPak's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and

other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Product;

C. That BendPak be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate BendPak for Defendants' infringement of the BendPak Patents, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D. That the amount of damages awarded to BendPak to compensate BendPak for infringement of the BendPak Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E. In the alternative, that BendPak be awarded all profits realized by Defendants from Defendants' infringement of the BendPak Patents, pursuant to 35 U.S.C. § 289;

F. That BendPak be awarded its reasonable attorneys' fees and costs; and

G. Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: July 17, 2025                    FOX ROTHSCHILD LLP

                                        By  /s/ Jeff Grant
                                            Jeff Grant
                                            Attorneys for Plaintiff